SEVERA PANGELINAN, Plaintiff

v.

MARION C. WRIGHT, JR., CAROLYN C. WRIGHT
and CONTINENTAL INSURANCE COMPANY,
a corporation. Defendants

Civil No. 260-79
Superior Court of Guam
July 10, 1980

- - - - -

- - - - -

WEEKS, Judge

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Trial was held on June 26 and July 2, 1980, before the Court sitting without a jury. The plaintiff and defendant appeared in person and with counsel.

PLEADINGS: A complaint of negligence arising out of an automobile collision is the basis for this action. A counterclaim was filed also alleging liability and damages.

The witnesses who testified included a child passenger and the driver of plaintiff's vehicle at the time of the accident and the investigating officer who arrived after the collision. Others testified regarding damages to plaintiff's car and defendant put on testimony regarding the condition of the Hospital Road at the time of the accident.

FINDINGS AND FACTS: 1. The defendant's vehicle had used and turned from properly marked public roadway onto a construction area at the entrance to Saehan's.

2. The plaintiff was using as a roadway the unpaved construction area adjacent to the highway.

3. The plaintiff had access to the public roadway prior to the spot of the accident but chose to remain on the unpaved construction and "take his chances".

4. There is no credible evidence that the vehicle turning into the construction area (defendant's) was going at excessive speed.

5. There is no evidence that the plaintiff's car was going at excessive speed.

6. The plaintiff's driver saw the vehicle of the defendant in the construction area crossing through to Saehan's before the collision and testified that he had time to maneuver his vehicle.

7. The driver of the plaintiff's vehicle offered to repair the damages to the vehicle.

8. There is no evidence of damage to defendant's vehicle.

CONCLUSIONS OF LAW: Section 23127.1(b) [Government (Vehicle) Code] is to be read in the light of subsection (a) of the same section. The language there makes it clear that the approaching traffic to be given the right of way is the traffic on the highway, therefore it is not applicable to the situation here where the plaintiff's vehicle was in a construction area off the highway.

The is no substantial evidence of negligence on the part of the driver of defendant's car.

The damages to plaintiff's car are not attributable to defendant, and plaintiff therefore is not entitled to damages from defendant.

The Court has no evidence before it to allow judgment on the counterclaim and cannot do so.

Attorney for defendant is requested to submit a proposed judgment, approved as to form or seen by the other attorney.